IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DEANNA L. PHILLIPS                                                     PLAINTIFF

vs.                                  Civil No. 2:10-cv-02139

MICHAEL J. ASTRUE                                        DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Deanna Phillips ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI") and a period of disability under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Paul K. Holmes, III referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments of counsel, this Court recommends Plaintiff's case be **REVERSED AND REMANDED.**

**1. Background:**

Plaintiff filed applications for DIB and SSI on September 2, 2008. (Tr. 107-119).[1] Plaintiff alleged she was disabled due to back pain. (Tr. 139, 167). Plaintiff alleged an onset date of March 1, 2007. (Tr. 139). These applications were denied initially and again upon reconsideration. (Tr. 65-76). On February 6, 2009, Plaintiff requested an administrative hearing on her applications. (Tr. 77).

---

[1] The docket numbers for this case are referenced by the designation "ECF No." The transcript pages for this case are referenced by the designation "Tr."

1

This hearing request was granted, and a hearing was held on July 27, 2007 in Clarksville, Arkansas. (Tr. 18-43). At this hearing, Plaintiff was present and was represented by counsel, Iva Gibbons. *Id.* Plaintiff and Vocational Expert ("VE") Monty Lumpkin testified at this hearing. *Id.* The VE also answered interrogatories following the hearing. (Tr. 178-181). On the date of this hearing, Plaintiff was forty-seven (47) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had a high school education. (Tr. 21, 179).

On December 23, 2009, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB, SSI and a period of disability. (Tr. 51-59). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 1, 2007. (Tr. 53, Finding 2). The ALJ determined Plaintiff had the severe impairments cervical fusion, cervical and lumbar spondylosis, cervical radicular pain, and obesity. (Tr. 53, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 53, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 54-57, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined, based upon her review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, Plaintiff retained the RFC as follows:

> The claimant has the residual functional capacity to perform sedentary work except occasionally lift/carry 10 pounds and frequently less than 10 pounds; she can sit for 6 hours and stand/walk for 2 hours; she can occasionally climb, balance, crawl, stoop, kneel, and crouch or stoop, crouch.

(Tr. 54, finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 57, Finding 6). The VE testified at the administrative hearing regarding Plaintiff's PRW. (Tr. 24-25). The VE testified that Plaintiff's PRW included work as an accounting clerk. *See id.* The ALJ found, considering her RFC, that Plaintiff was capable of performing this PRW. (Tr. 57, Finding 6).

The ALJ also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 58-59). The ALJ based his determination upon the testimony and interrogatory answers of the VE. *Id.* Specifically, the VE testified via interrogatories that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as a lamp shade assembler, computer assembler and shoe buckler with approximately 1,155 such jobs in Arkansas and 63,718 such jobs in the nation; change account clerk with approximately 499 such jobs in Arkansas and 40,580 such jobs in the nation; and addressing clerk with approximately 190 such jobs in Arkansas and 25,132 such jobs in the nation. (Tr. 59, 180). Based upon these findings, the ALJ determined Plaintiff had not been under a disability as defined by the Act from March 1, 2007 through the date of the ALJ's decision. (Tr. 59, Finding 7).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 6). *See* 20 C.F.R. § 404.968. On July 16, 2010, the Appeals Council declined to review this unfavorable decision. (Tr. 1-4). On September 13, 2010, Plaintiff filed the present appeal. ECF No. 1. This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000). It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

      To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience);

(4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. **Discussion:**

Plaintiff filed the present appeal claiming the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 6. Specifically, in her appeal brief, Plaintiff claims the following: (A) the ALJ erred in his treatment of Plaintiff's treating physician's opinions; (B) the ALJ erred in his analysis of Plaintiff's subjective complaints; (C) the ALJ erred in his RFC determination. *Id.* In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 7.

After reviewing Plaintiff's argument in the briefing and the opinion by the ALJ, this Court finds the ALJ did not properly consider the opinions of Plaintiff's treating physician. Thus, this Court will only address this issue.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)).

5

The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff had the RFC to perform less than the full range of sedentary work activity. (Tr. 54). Plaintiff claims substantial evidence does not support the ALJ's RFC determination because the ALJ erred in his treatment of the opinions of his treating physician, Dr. Roxanne Marshall. ECF No. 6, Pgs. 8-11. Defendant argues the ALJ considered these opinions but properly disregarded them for being inconsistent with the evidence in the record. ECF No. 7, Pgs, 2-8.

Social Security Regulations and case law state a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)). An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation. *See Prosch*, 201 F.3d at 1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p). An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013

6

(quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

Plaintiff alleged disability based on back pain. Plaintiff relies on the opinions of Dr. Roxanne Marshall who has been treating Plaintiff for low back pain since July 14, 2006. (Tr. 198). Specifically, Plaintiff relies on Dr. Marshall's report from July 27, 2009 which stated that due to Plaintiff's combination of impairments, Plaintiff would be unable maintain an eight hour workday with sitting, standing, walking in combination. Dr. Marshall also excluded the ability of Plaintiff to perform a sit down job. (Tr. 270).

The ALJ stated he had reviewed Dr. Marshall's opinion, but give it little weight due to the following stated reasons:

> However, the opinion expressed is quite conclusory, providing very little explanation of the evidence relied on in forming the opinion.

(Tr. 57).

The ALJ did not provide detail as to how Dr. Marshall's opinions were unsupported or inconsistent with other substantial evidence in the record. Furthermore, it cannot be said the record contains other medical assessments which are supported by better or more thorough medical evidence.

The Defendant argues in his brief some points in support of the argument that the ALJ gave proper treatment and analysis of the opinions of Dr. Marshall. (Doc. No. 7, Pg. 3-4). These included: (A) Plaintiff only saw Dr. Marshall on two occasions during the relevant time period, (B) Plaintiff was only seen by Dr. Marshall on one occasion following Plaintiff's surgery, (C) When Plaintiff was last seen by Dr. Marshall, Plaintiff showed no neurological deficit, and (D) Dr. Marshall's last report indicating Plaintiff was unable to maintain an eight hour workday was written thirteen months after having last seen Plaintiff. These points were not discussed by the ALJ. An ALJ is required to give

good reasons for the particular weight given to a treating physician's evaluation. *See Prosch*, 201 F.3d at 1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p). It is not sufficient for the Defendant to comb the record and provide support for the ALJ's determination after the fact.

Substantial evidence does not support the ALJ's decision of Plaintiff being not disabled because the ALJ failed to properly analyze the opinion of Plaintiff's treating physician, Dr. Marshall. Because the ALJ did not properly review the opinions of Plaintiff's treating physician, this case should be reversed and remanded for proper review and analysis of the opinions of Dr. Marshall. Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis pursuant to 20 C.F.R. § 404.1527(d)(2) must be performed.[2]

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends that it be reversed and remanded.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED** this **21st day of June, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[2] Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.

8